## E. P. BANCROFT v. ATYEO & HERMAN.

BILL OF PARTICULARS, *When Sufficient.* A bill of particulars in a justice's court, in the form of a running book account, is sufficient, although the figures intended to represent dollars and cents may not be designated in express terms, but only by implication, as dollars and cents.

### *Error from Lyon District Court.*

AT the March Term, 1878, of the district court, *Atyeo & Herman,* as plaintiffs, had judgment against *Bancroft,* as defendant, for $67.24, and costs. *Bancroft* brings the case here for review. The opinion contains a sufficient statement of the facts.

*Sterry & Sedgwick,* for plaintiff in error.

*Cunningham & McCarty,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Atyeo & Herman against E. P. Bancroft for a balance due on an account for meat. The action was commenced before a justice of the peace, where judgment was rendered in favor of the plaintiffs and against the defendant for the amount claimed. The defendant then took the case to the district court on petition in error, where the judgment of the justice was affirmed. The defendant (plaintiff in error) then brought the case to this court on petition in error. The defendant (plaintiff in error) now claims, and claimed in the courts below, that the plaintiffs' bill of particulars filed in the justice's court was and is insufficient, on the alleged grounds that in it "there was not one single fact stated; neither was there any conclusion of law stated." The bill of particulars is in form as follows:

Mr. E. P. Bancroft,

| 1875 | To Atyeo & Herman, | Dr. |
|---|---|---|
| Oct. 11 — 4 lbs. pork...................................................................... | | 50 |
| " — 9 " steak......................................................................... | | 72 |
| 12 — 3 " steak, 6 pork....................................................... | | 72 |
| " — 8 " " 4½ suet..................................................... | | 89 |
| 13 — 9½ lbs. roast, 1. | | |
| — tongue..................................................................... | | 96 |
| " — 10 lbs. steak ....................................................... | | 80 |
| 14 — meat........................................................................ | | 88 |
| 8¾ lbs. beef, 70, 3 saus., 37.................................................. | | 1 07 |

[Here follow two or three hundred more items, all being charges for meat, of various kinds and in various amounts, and running from October 14, 1875, up to April 18, 1876. The account is then footed up as follows :]

|  | 156 77 |
|---|---|
|  | 89 43 |
| Bal. due.......................................................... | 67 24 |

[On the back of the account, ten different credits are given, as follows :]

1875.
Oct. 18 — Credit by cash............................................................ 1 43
27 — " " " ...................................................... 6 00

[The credits continue (ten in number) up to April 6, 1876, and foot up as follows:]

|  | 89 43 |
|---|---|

Why this is not a good bill of particulars, counsel for plaintiff in error do not inform us in their brief, except in such general terms as we have already quoted. One of the special reasons, however, as given in their oral argument, is, that there is nothing in the bill of particulars to designate what the figures therein contained mean. This is purely technical; for, however defective the bill of particulars may be supposed to be, still, no person can misunderstand its import. But we do not think that the claim of counsel is strictly correct. The action was commenced on September 28, 1877. The docket of the justice shows that the plaintiffs on that day "filed their bill of particulars herein, claiming judgment for $67.24, for meat." A summons was then issued, and served on the same day by delivering to the defend-

ant (plaintiff in error) a copy thereof with the indorsements thereon. This summons informed the defendant that the action was brought "on an account for meat;" and the amount claimed by the plaintiffs, to wit, $67.24, was indorsed on the summons. But the bill of particulars, we think, explains itself. It means that "Mr. E. P. Bancroft" is indebted — debtor, "Dr."—"to Atyeo & Herman" for various items of meat (giving the items in detail) — total, $156.77, less "credits by cash" (to be deducted), $89.43, leaving a balance due — "Bal. due"—of $67.24, for which amount the plaintiffs sue. Everybody is familiar with the form of a running book account, and knows what it means, and courts ought to know what everybody else knows. "Dr.," in such an account, means "debtor," and means indebted for something *in money.* The perpendicular lines on the right are used to divide the dollars from the cents. "Cash" can only be deducted from cash; and "Bal. due" means balance due in "*cash*"—or in money. For the decision of a similar question, see *Hunt v. Smith,* 9 Kas. 138, 151, *et seq.* We think the bill of particulars is sufficient. The prayer for relief, in a pleading, does not of course constitute any part of the statement of the cause of action, but sometimes it may help to explain it. Atyeo & Herman may recover as partners, or as joint promisees, or as joint owners of the account; the evidence showed that they were all three. It must be remembered that the same strictness with regard to pleadings is not required in a justice's court as is required in the higher courts.

The judgment of the court below will be affirmed.

All the Justices concurring.