(January 25, 1884.)

## VAN CAMP v. BOARD OF COMMISSIONERS OF CUSTER COUNTY.

[2 Pac. 721.]

APPEALABLE ORDERS.—An appeal will not lie from a judgment of the district court, in common-law actions or proceedings, unless it is expressly allowed by statute.

WRIT OF ERROR—PARTIES ARE PRIVIES.—No one can sue out and maintain a writ of error unless he is a party or privy to the record, or is prejudiced by the judgment.

APPEAL—CONTINUATION OF CASE—CHANGE OF COURT.—An appeal is not the commencement of a new action or proceeding, but a continuation of the same case, action or proceeding, being only transferred from one court or tribunal or body to another, for final trial and judgment.

TITLE OF ACTION—INTERESTED PARTIES.—Courts will look beyond the mere title of an action or proceeding for the purpose of determining who are interested and affected as parties.

(Syllabus by the court.)

Original proceeding. Motion to dismiss appeal and writ of error.

James H. Hawley, M. Kirkpatrick and E. P. Johnson, for Plaintiff in Error.

No brief on file.

Thomas J. Galbraith and Huston & Gray, for Defendant in Error.

The right of appeal is clearly given by sections 25 to 28, inclusive, page 529, Compiled Laws of Idaho. (*Rupert v. Board of Commissioners of Alturas County,* 2 Idaho (West Pub. Co. ed.), 21, 2 Pac. 718; *Waitz v. Ormsby County,* 1 Nev. 370.) Van Camp, defendant in error, was a proper party to take the appeal from the order of board of commissioners. (Idaho Comp. Laws, sec. 25, p. 529; *Rupert v. Board of Commrs.,* 2 Idaho (West Pub. Co. ed.), 21, 2 Pac. 718; 1 Pomeroy's Equity Jurisprudence, 259, 360; 2 High on Injunctions, 853; 2 Dillon on Municipal Corporations, 914 et seq.; *Newmeyer v. Missouri etc. R. R. Co.,* 52 Mo. 81, 14 Am. Rep. 394, and note on page 700; Cooley on Taxation, 548; *Foster v. Coleman,* 10 Cal. 278.)

PRICKETT, J.—It appears from the transcript in this cause that the assessor of Custer county assessed the property of the General Custer Mining Company for the year 1881 as follows: Its mill and appurtenances at $70,000, and bullion produced by them and in their possession, $170,000; that at the regular meeting of the board of equalization of that county, held in August, 1881, the superintendent of the company appeared, and complained that such assessment was too high, and asked a reduction; that, upon such complaint, the board reduced the assessment and valuation of the mill and appurtenances to $35,000, and of the bullion to $25,000; that from such order James H. Van Camp, a citizen and taxpayer of the county, appealed to the district court of the third judicial district, held in and for Custer county; that the notice of such appeal was addressed and directed to the board of commissioners of Custer county and the General Custer Mining Company, and was served by mail upon the superintendent of the company; that the commissioners appeared by counsel in the district and moved to dismiss the appeal, on the ground that no appeal lies from the order of the board of equalization, and that, if it does lie in this case, that James H. Van Camp is not authorized or qualified by law to take such appeal, which motion was denied by the court. Such proceedings were afterward had in the district court as resulted in a judgment, rendered June 17, 1882, modifying the decision of the board of commissioners, and fixing the value of the mill and appurtenances at $35,000 (as previously ordered by them), and of the bullion at $170,000, and requiring the board of commissioners, the county auditor, and the assessor and collector of taxes to proceed, and to adjust and collect the proper taxes upon such valuation, in manner and form, now for then, as if the appeal to the district court had not been taken. It was further ordered that a copy of the judgment be served upon the board of commissioners, the county auditor, the assessor, and tax collector of the county, and upon the General Custer Mining Company or its attorney.

On the fourteenth day of September, 1882, the General Custer Mining Company filed in the office of the clerk of the district court, and served, a notice of appeal from said judgment to this court, and on the next day gave an undertaking on said

appeal, and on the sixteenth day of November, 1883, the said company sued out, and caused to be issued from this court, a writ of error to said district court. The respondent in this appeal and the defendant in error, James H. Van Camp, now moves to dismiss both the appeal and the writ of error—the former on the ground that no appeal is allowed by law in the cause, and the latter because the General Custer Mining Company is not a party to the record or judgment in the district court; that it does not appear from the record that the commissioners of Custer county authorized or consented to the suing out of the writ; that it does not appear from the writ of error herein that the board of commissioners or the General Custer Mining Company are injured or prejudiced by the judgment of the district court; that the said company has no standing in this court, because it does not appear by the record that it has paid or tendered the tax on its property upon the valuation thereof as fixed by the board of commissioners; and on the further ground that there is no statement of the case or bill of exceptions in the transcript in support of the writ of error. At the last term of this court, in the case of *Rupert v. Board of Commissioners, etc.,* ante, p. 19, 2 Pac. 718, it was decided that no appeal would lie to this court from a judgment of the district court rendered upon an appeal from an order of a board of county commissioners, because such cases, although somewhat anomalous in character do not partake of the nature of suits in chancery, which can be transferred from one court to another in that manner, but were proceedings at law, which, in the absence of any statute conferring the right of appeal, were to be reviewed by writ of error, and that there is no statute of this territory authorizing or providing for an appeal to this court in such cases. That decision was rendered on the eleventh day of September, 1882, about the time the notice of appeal was filed in the district court from its judgment in this case; from which fact, and the subsequent suing out of the writ of error, it is reasonable to presume that the General Custer Mining Company abandoned its appeal, and concluded to rely upon its writ of error instead. Indeed, the appeal is not now insisted upon by counsel for the appellant. Upon the authority of the case above referred to the appeal is dismissed.

The objections made by the moving party to the writ of error, and to the right of the plaintiff in error to be heard thereon, will now be considered and briefly discussed; and 1. Is the General Custer Mining Company such a party to the record, proceedings, and judgment of the district court as is entitled to a writ of error to review the same? The rule concerning writs of error at common law (and we have not now any statute extending or changing that rule) unquestionably is that no one can bring error unless he is a party or privy to the record, or is prejudiced by the judgment, and the rule seems to be inflexible (Bacon's Abridgment "Error"; *Connor v. Peugh,* 18 How. 394); and, as proceedings in error are in the nature of new actions, this rule probably had its origin in the same general principle that governs in relation to the parties in personal actions, that the action must be brought in the name of the party whose legal right has been affected.

The origin and foundation of the proceedings in this cause was the complaint made by the General Custer Mining Company, through its superintendent and agent, to the board of equalization, that its property was assessed too high. In that initiatory proceeding or step the company stood in the relation of complainant or plaintiff. Upon such complaint, and the hearing had thereunder, they procured an order favorable to their interest—a reduction in the assessment, and a consequent reduction in the amount of taxes to be paid. To the order and decision of the board they had a vested right, subject only to a reversal or modification, by competent authority, in the mode prescribed by law; and although the proceedings before the board neither had or were required to have a name or title, the General Custer Mining Company were unquestionably interested in such proceedings, and in the order obtained therein. The statute (Revised Laws, p. 529, sec. 25) authorizes appeals to be taken from orders of the board of county commissioners to the district court, and the appeal in this case was taken under that statute; but an appeal, strictly speaking, is not the commencement of a new action or proceeding, but a continuation of the same case, action, or proceeding, being only a transfer from one court, tribunal, or body to another for final trial and judgment. Hence, the policy and propriety of the statute, which requires

the notice of appeal in such cases to be served on "any person having a beneficial interest in the order or decision appealed from," in order that they may have an opportunity to defend their claim, and maintain the advantages of the order, if they are able to do so.   They are still parties to the proceeding, and continue so to be until their rights in the matter are finally adjudicated, whether they appear in the appellate tribunal or not.

Much stress was laid in the argument upon the fact that the name of the General Custer Mining Company does not appear in the title of the original notice of appeals or other papers, or in the judgment of the district court; and it is urged that therefore they are not a party to the record or judgment.   The papers, proceeding, and judgment are, it is true, entitled "*J. H. Van Camp v. Board of County Commissioners of Custer County,*" but the plaintiff in error is not responsible for that name or title, nor do I know of any law requiring the papers, proceeding, and judgment to be so entitled.   "Van Camp's Appeal" would, perhaps, be the more appropriate title.   The title or name by which an action or proceeding is called certainly cannot change its character or devest interests acquired before the christening.   They remain the same.   It is provided by section 711 of our Code of Procedure that "an affidavit, notice, or other paper without the title to the action or proceeding in which it is made, or with a defective title, is as valid and effectual for any purpose as if duly entitled, if it intelligibly refer to such action or proceeding."   We think that section applicable to the question under consideration, and even without it that it would be the duty of the court to look beyond the mere title to ascertain who are interested and affected parties.   As to the judgment we think it cannot be seriously contended or claimed that the direction and order therein contained, that the several revenue officers of the county proceed and collect the taxes upon the increased valuation of the property, imposes no liability or obligation upon the General Custer Mining Company to pay taxes thereon.   As long as laws exist for enforcing the collection of taxes, it must be evident to all that the contrary is the case.   We conclude, therefore, upon this question, that the General Custer Mining Company is a party to the record, proceedings, and judgment, and that such judgment was and is preju-

dicial to its interests, in the sense that it increased its liability to the public.

There are no pleadings in proceedings of this character in which the fact of payment or tender of the taxes upon the valuation of the property, as fixed by the board, could be alleged, and it is difficult for us to understand how that fact could be made to appear by the record. The bond given as a *supersedeas* is theoretically and presumptively, at least, sufficient to save the defendant in error and the public harmless from all damages they may suffer by reason of the delay in the payment of the taxes, if they have not been paid. This is not a case in which it is necessary for the record to show payment or tender in order to give the party standing in court. It is not, in the opinion of this court, necessary, to entitle a party to a writ of error, that there should be either bill of exceptions or statement; the object of these is to bring into and make of record what was not so. If errors appear upon the face of the judgment-roll, they can be shown and taken advantage of upon the hearing.

The motion to dismiss the writ of error is denied.

Buck, J., concurred.

Morgan, C. J., did not sit in this case.