[S. F. No. 1862. Department One.—December 11, 1901.]

## SALLIE P. THOMPSON, Appellant, v. B. T. ALFORD et al., Respondents.

Foreclosure of Mortgage—Summons—Fictitious Name—Misnomer—Appearance—Vacation of Judgment—Waiver of Irregularity.—In a suit to foreclose a mortgage, where the wife of the mortgagor was sued and served with summons by a fictitious name, and in the return of service and substitution she was described as wife of the mortgagor, but with an improper spelling of her first name, as "Dollie," instead of "Dellie," and she afterward appeared in her true name and moved to set aside the judgment of foreclosure rendered after the entry of her default, upon which she admitted that a copy of the summons was served upon her, the misnomer became immaterial, and her appearance waived and superseded any irregularity in the service.

Id.—Right of Plaintiff to Set Aside Default—Time to Answer—Appeal—Reversal of Order.—Where the judgment was vacated, on motion of the wife of the mortgagor, so far as her rights were concerned, the plaintiff mortgagee was entitled to have her default set aside and a time fixed within which she should answer the complaint; and an order refusing so to do will be reversed upon appeal of the mortgagee, where it does not appear that her rights would be impaired thereby, and it is evident that she would have full opportunity to defend and protect her rights.

Id.—Review upon Appeal from Order—Error in Substitution—Sufficiency of Complaint—Question to be Considered.—Upon appeal taken from such order by the mortgagee, the action of the court, in substituting the wife of the mortgagor as a party defendant, can not be reviewed, and any error therein can only be considered

through a bill of exceptions, presented in some proceeding for that purpose. Nor can the sufficiency of the complaint to state a cause of action be considered upon such appeal. The question to be considered thereon is the same as though no judgment had been entered and the plaintiff had moved to set aside the entry of default.

APPEAL from an order of the Superior Court of Fresno County refusing to set aside a default and to fix a time to answer. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and Snow & Freeman, for Appellant.

W. P. Thompson, for Dellie E. Alford, Respondent.

HARRISON, J.—The appellant commenced this action, February 18, 1897, for the foreclosure of a mortgage executed by B. T. Alford, making Jane Doe one of the parties defendant therein. A summons issued in the action was returned, March 26, 1897, with an affidavit of W. T. Porter attached thereto, stating that on March 15, 1897, he had personally served the same " on Dollie E. Alford, wife of B. T. Alford, (sued herein as Jane Doe,) one of the defendants herein," by delivering to her the same, together with a copy of the complaint. On the same day that the summons was returned, the court made an order that Dollie E. Alford be substituted as a defendant in place of Jane Doe, and at the same time entered her default for failure to answer the complaint. April 6, 1897, a judgment of the court for the foreclosure and sale of the mortgaged premises was entered of record. July 3, 1897, a motion was made in behalf of the respondent to vacate the judgment so far as it affected her rights, and was based upon an affidavit by her, setting forth that she was not named in the complaint as a party defendant, and that when the summons and complaint were handed to her she supposed that the papers were intended for her husband, as he was named therein as one of the parties defendant, and, accordingly, she laid them aside to be given to him on his return, and also stated that she had an interest in the mortgaged premises, and had a good and meritorious defense to the action. After hearing the motion, the court, August 9, 1897, made an order vacating the judgment " so far as it affects the rights of Mrs. Dellie E. Alford,

wife of B. T. Alford." An appeal from this order was dismissed by this court, March 9, 1898. April 25, 1898, the plaintiff moved the superior court to vacate the default entered against the respondent, and to fix a time within which she could plead to the complaint. This motion was denied by the court, May 21, 1898, from which order the present appeal is taken. A motion to dismiss this appeal, upon the ground that the order is not appealable, was heretofore denied. (*Thompson* v. *Alford,* 128 Cal. 227.)

The action of the superior court in substituting the respondent as a party defendant in place of Jane Doe cannot be reviewed upon this appeal. It was for that court to determine whether the respondent was intended as defendant in the action, as well as whether the service upon her was sufficient to authorize the order of substitution. If it committed any error in this respect, such error can be reviewed only through a bill of exceptions and presented in some proceeding therefor. Upon the motion to dismiss the appeal, we held that, upon her motion to vacate the judgment, she appeared generally in the cause. Any irregularity in the service of process was therefore superseded. By such substitution she became a party of record to the action, whose default the plaintiff was entitled to have entered, in case she should fail to appear therein. It appears from her affidavit, upon which the motion in her behalf was made to vacate the judgment, that a copy of the summons and complaint in the action were served upon her, and that she was the wife of B. T. Alford. The fact that her name is "Dellie," instead of "Dollie," becomes, therefore, immaterial, as she is the person whom the plaintiff seeks to bind by the action. The superior court would make the correction in the spelling, if deemed necessary. Neither can we consider, upon this appeal, whether the complaint states a cause of action against the respondent. The question to be considered is the same as though no judgment in the action had ever been entered, and as if the default of the respondent had been entered after she had been properly made a party to the action and the plaintiff had asked the court to set aside that default.

The facts which were presented by the respondent, as grounds for vacating the judgment against her, and which were held by the court to be sufficient, were also sufficient to authorize the court to set aside her default; and, although in

its order vacating the judgment the court did not set aside the default, yet if for any reason the plaintiff desired that default to be set aside, it was the duty of the court to grant her motion, unless it appeared that some rights of the respondent would be thereby impaired. The plaintiff was not precluded from asking to have the default set aside by reason of the fact that it was entered upon her motion. (*Brackett* v. *Banegas,* 99 Cal. 625.) And there is nothing in the record which shows that the rights of the respondent will be in any respect impaired thereby. The respondent having been made a party defendant in the action, the plaintiff has the right to have his claim against her adjudicated. Setting aside the default will merely have the effect to leave the respondent in the same position relative to the plaintiff's cause of action which she sustained before its entry, with the same opportunity for presenting a defense thereto or otherwise protecting her rights.

The order appealed from is reversed, and the superior court is directed to set aside the default of the respondent, and to fix a reasonable time within which the respondent may plead to the complaint or take such action as she may be advised.

Garoutte, J., and Van Dyke, J., concurred.