[Civ. No. 2437. First Appellate District.—July 9, 1918.]

# V. FASSIO, etc., Respondent, v. JOHN B. WOOLFREY et al., Defendants; ESTHER NATHAN, Appellant.

PLEADING—PARTIES—ACTION AGAINST WIFE.—Under the provisions of section 370 of the Code of Civil Procedure, it is not sufficient to merely name the husband as a party defendant in an action against his wife, but he must also be served with summons.

ID.—APPEAL—RIGHT TO SUE WIFE ALONE—PRESUMPTION NOT ENTERTAINABLE.—Upon an appeal from a judgment upon the judgment-roll in an action against a wife, it cannot be presumed that the case falls within one of the exceptions enumerated in subdivisions 2 and 3 of section 370 of the Code of Civil Procedure, in which a wife may be sued alone, where the complaint alleges that the husband is joined because he is the husband of his codefendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

George A. Connolly, for Appellant.

I. M. Peckham, and Edwin H. Williams, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment taken upon the judgment-roll alone.

The appellant, Esther Nathan, is one of the defendants in the action. Her husband is also joined as a defendant under the name of John Doe Nathan, "for the reason," as stated in the complaint, "that he is the husband of Esther Nathan." A judgment by default was entered against her. Her husband was never served with summons.

It is clear that under the provisions of section 370 of the Code of Civil Procedure it is not sufficient to merely name the husband as a party defendant in an action against his wife, but he must also be served with summons. It was so held in the case of *McDonald* v. *Porsh*, 136 Cal. 301, [68 Pac. 817]. There, as here, the status or relation of the defendants as husband and wife was set forth in the complaint, and upon the appeal, it appearing that the husband had not been served with summons, the court said: "Under the express provision

of the statute the husband is a necessary party defendant in all cases where the wife is sued; and this implies that he must not only be named in the complaint, but served.''

The respondent does not seriously dispute that this is the settled rule. He argues, however, that as every reasonable presumption is to be indulged in favor of a judgment, it must be presumed on this appeal that the case falls within one of the exceptions enumerated in subdivisions 2 and 3 of section 370 of the Code of Civil Procedure, in which a wife may be sued alone. But here the complaint itself alleging, as it does, that the husband is joined because he is the husband of appellant, negatives the idea that the case falls within either of those exceptions to the rule requiring the husband to be joined; hence the presumption mentioned cannot be entertained.

The judgment is reversed.

Zook, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.