[Civ. No. 3378. First Appellate District, Division Two.—May 21, 1920.]

JESSE GEORGE et al. (Copartners), Respondents, v. ELIZABETH G. CLARKE STENSLAND, Appellant.

[1] HUSBAND AND WIFE—ACTION AGAINST WIFE—FAILURE TO SERVE HUSBAND—HARMLESS ERROR.—Where a wife is sued for legal services contracted by her while an unmarried woman, and concerning matters connected with her separate estate, and her husband, a practicing attorney, though joined as a party defendant under the designation John Doe, is not served with a copy of the summons and he does not appear therein, but he aids and conducts her defense and represented her in every stage of the litigation and has actual notice of everything that occurs, and no objection is raised to the defect of parties defendant at any stage of the proceedings, nor to the entry of judgment against the wife alone, the failure to serve the husband is harmless error and under section 4½ of article VI of the constitution is no ground for reversal.

[2] ID.—JUDGMENT—NAME OF DEFENDANT—WAIVER OF OBJECTIONS.— Where a married woman is sued by her name before marriage, and she answers in that name, but at the trial she admits her proper name and adopts the latter name in her notice of appeal, she cannot complain that judgment was entered against her in the name which she admits is her proper name, the two persons being completely identified in the record as herself.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore Stensland and J. T. Reed for Appellant.

Jesse George and Charles B. McCoy, *in pro. per.,* for Respondents.

LANGDON, P. J.—This is an appeal by the defendant, Elizabeth G. Clarke, from a judgment entered on a verdict of a jury for $514, in the superior court of San Diego County, in an action for the recovery of the reasonable value of attorneys' fees for professional services rendered by the plaintiffs to the appellant.

This appeal was originally taken not only from the judgment, but also from an order denying a new trial, and from an order of nonsuit on a cross-complaint, and from an order made in proceedings supplementary to judgment and execution. It is stated, however, by the appellant in her opening brief, that she "waives and abandons any and all her rights to appeal from said order denying a new trial, and from said order in supplementary proceedings," and prosecutes her appeal exclusive thereof.

[1] The principal point argued by the appellant, and the one she states to be the important feature of the case, is that the judgment was erroneously entered by reason of the fact that said judgment was entered against a married woman in a cause in which she was sued as the wife of another party defendant, named in the complaint as "John Doe," and said husband of appellant was not served with summons in the action.

The facts pertinent to a discussion of the objection present some unusual features, and it will be necessary to state them rather fully. The plaintiffs sued, as aforesaid, to recover for legal services. The defendants named in the complaint are Elizabeth G. Clarke and John Doe. It is set out in the complaint that the services for which recovery is sought were contracted for by the defendant, Elizabeth G. Clarke, "being then and there an unmarried woman, and in the management of her own affairs." It is further set out

in the complaint as follows: "Plaintiffs further allege that they are informed and believe, and on such information and belief allege, that since this cause of action accrued, the defendant, Elizabeth G. Clarke has married one John Doe, whose true name is unknown to these plaintiffs, but the plaintiffs have not sufficient information to determine whether or not, if defendant is married, her husband is a necessary party defendant, and plaintiffs pray that if it shall appear that the said defendant, Elizabeth G. Clarke is married and that her husband is a necessary party, he may be joined and his true name as defendant herein inserted, and that the true name of the defendant, Elizabeth G. Clarke be inserted herein in the event that she is shown to be married." Answer and cross-complaint was filed by Elizabeth G. Clarke, in which she did not deny the allegation of the complaint upon information and belief, with reference to her marriage. She made no mention of this allegation in any way, and answered under the name of Elizabeth G. Clarke. Appellant's position is that as the allegations of the complaint regarding defendant's coverture were admitted by a failure to deny · the same, that it became the duty of the plaintiffs to ascertain, by deposition or otherwise, the name of her husband, and to substitute such name for the fictitious name and serve him with summons.

The plaintiffs did, however, attempt to ascertain the facts regarding defendant's marriage by their demurrer to the answer and cross-complaint, in which demurrer one of the grounds urged is: "The said answer to plaintiffs' first cause of action is uncertain in that the said answer admits that the defendant Elizabeth G. Clarke is married, by failing to deny the allegation of the complaint that she is married, but does not give her true name nor the true name of her husband, nor allege or set forth facts from which it can be determined whether or not her husband is a proper or necessary party defendant." Another ground of demurrer to the answer and cross-complaint is that cross-complainant, Elizabeth G. Clarke, has not legal capacity to sue in that she admits in her answer and cross-complaint that she is married, and that the cross-complaint does not show that the action is one within any of the exceptions mentioned in section 370 of the Code of Civil Procedure. This demurrer was overruled, obviously because the property sought to be

recovered under the cross-complaint was alleged to have been the sole and separate property of Elizabeth G. Clarke, and for the recovery of such property she had the right to sue alone. The attorney filing the cross-complaint was Theodore Stensland, and he appears throughout as attorney of record for the defendant Elizabeth G. Clarke. In the answer to the cross-complaint, plaintiffs allege: ''Plaintiffs and cross-defendants are informed and advised and therefore allege the fact to be that at the time when the defendant Elizabeth G. Clarke claims to have become the owner of the draft mentioned and described in the first paragraph of her cross-complaint, and for some time prior thereto, the said defendant and cross-complainant was the wife of Theodore Stensland, her attorney herein; that the exact date of the marriage of the said Elizabeth G. Clarke and Theodore Stensland is unknown to these plaintiffs and cross-defendants; that Elizabeth G. Clarke is not the true and proper name of the defendant and cross-complainant, and John Doe is not the true name of the husband of the said defendant and cross-complainant, Elizabeth G. Clarke, but that the true name of said Elizabeth G. Clarke is Elizabeth G. Stensland, and the true name of the husband of the said Elizabeth G. Clarke is Theodore Stensland, who was and is her attorney herein, and that there are no facts set forth in said cross-complaint establishing or tending to establish that Theodore Stensland is not a necessary party cross-complainant and defendant as hereinafter more specifically set forth and shown.''

After the granting of motions to strike out portions of the answer to the cross-complaint, relating to the necessity of joining appellant's husband as a cross-complainant, the cause went to trial upon these pleadings. Plaintiffs never amended their complaint by inserting the true name of the husband of Elizabeth G. Clarke. It does not appear in the record that the husband was or was not served under the fictitious name or otherwise. It would seem, therefore, that in support of the judgment, we must assume that the service was duly made. However, even in the absence of this assumption, and assuming for the moment that the record must affirmatively show that the husband was served, we do not believe this error calls for a reversal of the judgment under the peculiar facts presented for our consideration.

Defendant Elizabeth G. Stensland did not object to the defect of parties by either demurrer or answer, nor otherwise, and upon the verdict of the jury upon the essential questions of fact involved, the court rendered judgment against her alone.

Reliance is placed by the appellants upon the cases of *McDonald* v. *Porsh,* 136 Cal. 301, [68 Pac. 817], and *Fassio* v. *Woolfrey,* 37 Cal. App. 754, [174 Pac. 700], holding that the husband, being a necessary party defendant in cases where the wife is sued, he must not only be named in the complaint, but served with summons. Respondent's reply to this contention is that under the holding in the case of *Bogart* v. *Woodruff,* 96 Cal. 609, [31 Pac. 816], it is said that although the husband is a necessary party defendant and the failure of plaintiff to make him a defendant would defeat his right of recovery if objection be properly presented, yet it is further provided by section 434 of the Code of Civil Procedure, that if no objection be taken to the defect of parties, either by demurrer or answer, the defendant must be deemed to have waived the same.

We are not unmindful of appellant's position that she could not properly demur for nonjoinder of parties since her husband was joined in the complaint as John Doe; that she had a right to expect that he would be served with summons in due time. However, she did not object to the entry of the judgment upon this ground, and her situation with reference to the demurrer would be of more weight and importance under other circumstances than those presented to us here. For the peculiar facts of this case certainly show that the defendant was not deprived of any possible right or advantage by reason of this oversight; that the purpose of the code provision in question has not been subverted by plaintiffs' inadvertence, and that the case presents, clearly, a situation designed to be covered by section 4½, article VI, of our constitution. The husband of appellant is admitted to be a practicing attorney, and to have represented his wife in every stage of the litigation herein involved; he had actual notice of everything that occurred; he is not bound by the judgment and could not have been. The judgment relates to a matter connected with the wife's separate estate and to transactions occurring previous to the marriage. It is said in *McDonald* v. *Porsh, supra,* and in the

case of *Terry* v. *Superior Court*, 110 Cal. 85, 88, [42 Pac. 464], and some others, that the code provision for joining the husband in such actions is not to the end that the husband or his property may be bound by the judgment, but solely that he may be able to aid his wife in her defense. Under the peculiar facts of this case, this purpose was fully accomplished, for the husband aided and conducted her defense at every step.

It would seem, therefore, that this is essentially one of those harmless errors which does not affect the merits of the judgment, and which comes within the remedial influence of the aforementioned amendment to our constitution. It is held in *Work* v. *Campbell*, 164 Cal. 343, 349, [43 L. R. A. (N. S.) 581, 28 Pac. 943], in *Lamb* v. *Harbaugh*, 105 Cal. 680, 690, [39 Pac. 56], and in *Baldwin* v. *Second Street etc. Co.*, 77 Cal. 390, [19 Pac. 644], that a defect of parties is not a matter going to the jurisdiction of the court; and indeed that holding necessarily follows from the holding in many cases that it is a defect which may be waived by failure to demur.

[2] Some objection is made by appellant that the judgment is entered against her as Elizabeth G. Clarke Stensland. In her testimony on the trial, she stated that her name at that time was Elizabeth G. Clarke Stensland, but that she might be called by either the name of Clarke or Stensland. It is to be noted that she answered under the name of Clarke, and only upon her examination at the trial did she admit that her proper name was then Stensland. She has adopted the name of Stensland in her notice of appeal. The two persons are completely identified in the record. It would appear, therefore, that appellant has no complaint that judgment was entered against her in the name which she admits is at present her proper name. (*Thompson* v. *Alford*, 135 Cal. 52, [66 Pac. 983]; *Alameda County* v. *Crocker et al.*, 125 Cal. 101, [57 Pac. 766]; *Bogart* v. *Woodruff, supra*.)

Some further objections are made by appellant with regard to the giving of instructions by the court, but we consider these to be without merit.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.