WEATHERSBEE et al. v. AMERICAN FREEHOLD LAND MORTG. CO.

(Circuit Court, D. South Carolina. December 19, 1896.)

EQUITY—CROSS BILL—USURY.
    Where the defendant in a bill to foreclose a mortgage given to secure a note pleads usury as a defense, he may set up, by cross bill, a claim, under Rev. St. § 1391, for double the amount of interest he has paid complainant.

Robert Aldrich, for cross complainant.
Sloan & Green, for defendants.

SIMONTON, Circuit Judge. This case comes up on demurrer to the cross bill. The original bill was filed to obtain foreclosure of a mortgage of real estate given to secure a note with interest coupons. In the answer the defendant set up, as a defense, usury in the loan, and added, by way of counterclaim, a demand for double the amount which complainants had received as interest from defendant, to which demand defendant laid claim under section 1391, Rev. St. S. C. A demurrer to the counterclaim was sustained, and leave was granted to defendant to file a cross bill.

The cross bill sets up, in substance, the same matter. Complainants demur.

The grounds of demurrer are, in substance, that the cross bill sets up a legal demand, and seeks, at the hands of the court, relief for which there is a plain, adequate, and complete remedy at law; and also that the relief demanded cannot be given, or the prayer entertained, until the defendant (complainant in the cross bill) offers to pay the sum admitted to be due. In equity a defendant can pray nothing in his answer except to be dismissed the court. If he has any relief to pray, he must do so by cross bill. The cross bill is not a new suit. It is merely auxiliary,—a dependency upon, a part of, the original suit. It is brought in order to obtain full relief to all parties; and it is specially a mode of defense in the cause. Field v. Schieffelin, 7 Johns. Ch. 252. The defendant may rely on matters purely legal, provided they be connected with the matters of the bill, for his defense, and by his cross bill require the plaintiff to answer thereto. 2 Daniel, Ch. Prac. (Perkins' 3d Am. Ed.) 1650. This author, a recognized authority, at page 1653 says:

"But a cross bill is considered a mode of defense or a proceeding to obtain a complete determination of a matter already in litigation in the court. The plaintiff in the cross bill is not, at least as against the plaintiff in the original bill, obliged to show any ground of equity to support the jurisdiction of the court."

But the subject-matter of the cross bill must be essentially connected with that of the original bill, and not extraneous thereto. The distinction is clearly shown by Judge Wallace in Lautz v. Gordon, 28 Fed. 264. If these principles are applied to the present case, it will appear that it comes within the rule permitting cross bills. The cause of action is based on certain promises in writing. The defense is usury. If this defense be sustained, necessarily there arises the right of the defendant under the South Carolina statute. It is inseparable from the original controversy,—a part of it, dependent for its solution upon the same testimony and law. If the defendant cannot set up this right in this case, it then may happen that the defense of usury may be sustained, and a decree for a specific amount rendered against the defendant, with an existing right in him, by some new proceeding, to reduce this amount,—a right necessarily resulting from the decision in the main case. But when equity takes jurisdiction it proceeds to administer full relief in every particular, and to close the whole litigation.

There is another view to take of this matter, which leads to the same conclusion. The original bill proceeds upon a legal demand, and obtains the aid of the court because of the mortgage lien. But, before this lien can be enforced, the validity of, and the amount due upon, the legal demand (the notes in this case), are ascertained. The matters set up in the cross bill are directed to this issue. Virtually admitting the execution of the promises to pay, it denies their obligation according to their tenor by reason of the taint of usury, and insists that, under the provisions of the stat-

ufe, the amount claimed is not due. And that issue should be determined before the mortgage lien is enforced.

The second ground of demurrer is based on a misapprehension. The cross bill does not admit any balance due. It claims more than complete satisfaction under the statute.

The demurrer is overruled. Let the defendant in the cross bill (complainant in the original bill) answer over.