[S. F. No. 2149.   Department One.—April 25, 1902.]

## JOHN E. McDONALD, Respondent, v. LEO PORSH and WIFE, Defendants.   MRS. LEO PORSH, Appellant.

CHATTEL MORTGAGE—PROPERTY OF WIFE—FORECLOSURE—PARTIES—SERVICE OF SUMMONS.—In a suit to foreclose a chattel mortgage upon the property of the wife, the husband is a necessary party defendant, and must be served with summons as well as named as a party in the complaint; and it is error to enter judgment against her before her husband has been served.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

William H. Chapman, for Appellant.

F. William Reade, for Respondent.

SMITH, C.—This is a suit to foreclose a chattel mortgage on property of the defendant Mrs. Porsh, who was duly served with summons.  The other defendant, her husband, was not served; nor did he appear in the suit.  On the second day of September, 1899, the time for the defendant served to answer having expired, the plaintiff's attorney made written application to the clerk to enter her default, which was entered by the clerk on September 5th, as of date September 2, 1899.  But before the entry of default the demurrer of Mrs. Porsh was filed.  Thereafter the defendant, on the above showing, moved to set aside the default, which was refused by the court, and judgment by default entered.  The appellant seeks a reversal on the two grounds,—1.  That her demurrer being on file, the entry of default by the clerk was without authority, and the subsequent judgment erroneous; and 2. That it was error to enter judgment against her before her husband was served.

The last point, we think, is well taken.  Under the express provisions of the statute, the husband is a necessary party defendant in all cases where the wife is sued; and this implies that he must not only be named in the complaint, but served.

(Code Civ. Proc., sec 370, subd. 1.)   The provisions of the code and the cases cited by respondent have no application to this case.   By sections 578 and 579 of the Code of Civil Procedure the court is indeed authorized to enter judgments for or against one or more of several defendants, but this applies only to cases in which such judgments are proper under the rules established by the code or the general principles of the law,—as e. g., while persons are severally liable, or jointly liable, or in the case of partners, etc.   (Code Civ. Proc., secs. 383, 388, 414.)   But in the case of a suit against the wife, the husband has no interest.   He is joined solely for her protection.

We advise that the judgment be reversed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.