[Civ. No. 1117.  First Appellate District.—June 4, 1912.]

CATHERINE M. TAYLOR, as Administratrix of the Estate of CATHERINE KENNY, Deceased, Respondent, v. AGNES DARLING, Appellant.

APPEAL—ORDER DENYING MOTION TO VACATE JUDGMENT AS NOT SUPPORTED BY FINDINGS.—An order made after final judgment denying a motion made under sections 663 and 663a of the Code of Civil Procedure to vacate and set aside the judgment, as not supported by the findings, is appealable under the provisions of section 963 of the Code of Civil Procedure.

ID.—APPELLANT SUED ALONE AS MARRIED WOMAN FOR CONVERSION—PROPER PLEA IN ABATEMENT—FINDING—ERRONEOUS JUDGMENT.—Where the appellant was sued alone as a married woman for the alleged conversion of a fund, and properly pleaded in abatement that she was a married woman not living separate and apart from her husband, and that her husband had not been made a party to the action, and the court found this averment to be true, it erred in rendering judgment for the plaintiff as prayed for. Such finding necessarily defeats plaintiff's right to recover against the defendant in the action.

ID.—ERROR IN DENYING APPELLANT'S MOTION TO VACATE ERRONEOUS JUDGMENT.—The court erred in denying appellant's motion to vacate

the erroneous judgment for plaintiff rendered contrary to the facts found; and the order denying such motion must be reversed, with directions to grant such motion.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying the motion of defendant, made after judgment for the plaintiff, to vacate the same. Franklin J. Cole, Judge Presiding.

The facts are stated in the opinion of the court.

George A. Connolly, for Appellant.

Neal Power, for Respondent.

HALL, J.—This is an appeal from an order made after final judgment, denying defendant's motion made under sections 663 and 663a of the Code of Civil Procedure, to vacate and set aside the judgment rendered and entered against defendant as not supported by the facts found.

1. The contention of respondent that such order is not appealable is fully answered by the cases of *Bond* v. *United Railroads,* 159 Cal. 270, [Ann. Cas. 1912C, 50, 113 Pac. 366], *Condon* v. *Donahue,* 160 Cal. 749, [118 Pac. 113], and *Rahmel* v. *Lehndorff,* 142 Cal. 681, [100 Am. St. Rep. 154, 65 L. R. A. 88, 76 Pac. 659]. The order denying such a motion is one made after final judgment, and is appealable under the provisions of section 963, Code of Civil Procedure.

2. Defendant was sued alone for the alleged conversion of $1,000.

She answered and pleaded in abatement that she "is a married woman, not living separate and apart, or separate or apart, from her husband, and that her husband has not been made a party to this action," and the court found this allegation of her answer to be true, but nevertheless rendered judgment against her as prayed for.

A married woman not living separate and apart from her husband cannot be sued without joining her husband as a party defendant, except where her husband is the plaintiff. (Code Civ. Proc., sec. 370; *McDonald* v. *Porsh,* 136 Cal. 301, [68 Pac. 817].)

The defect of parties defendant in this case did not appear upon the face of the complaint, but defendant pleaded the facts in her answer, and the court found in accordance therewith. Such finding necessarily defeated plaintiff's right to recover against defendant in this action. (*Bogart* v. *Woodruff*, 96 Cal. 609, [31 Pac. 618]; *McDonald* v. *Porsh*, 136 Cal. 301, [68 Pac. 817]; Code Civ. Proc., sec. 370.)

The court therefore erred in denying defendant's motion, and the order is reversed and the court directed to grant said motion.

Lennon, P. J., and Kerrigan, J., concurred.