[S. F. No. 7038. In Bank.—March 3, 1915.]

FRANCES B. HORSBURGH, and JAMES HORSBURGH, Jr., her Husband, Petitioners, v. FRANK J. MURASKY, Judge of the Superior Court in and for the City and County of San Francisco, Respondent.

PARTIES—HUSBAND AND WIFE—JOINDER IN ACTIONS GROWING OUT OF WIFE'S TORT.—It is the settled law of this state that unless modified by statute, the common law doctrine that a husband must be joined as a party defendant in a suit growing out of a wife's tort, still prevails.

ID.—TORT ARISING FROM DEFECTIVE CONDITION OF WIFE'S SEPARATE PROPERTY—HUSBAND NECESSARY PARTY DEFENDANT.—Under section 370 of the Code of Civil Procedure, the husband is a necessary party defendant in an action brought against a married woman to recover damages for personal injuries arising from the defective condition of her separate property.

ID.—ACTION CONCERNING MARRIED WOMAN'S SEPARATE PROPERTY—DISTINCTION BETWEEN SUING AND BEING SUED ALONE.—Subdivision

1 of that section while it permits a married woman *to sue* alone in an action concerning her separate property, does not provide that she *may be sued* alone.  Inadvertent error in statement of the rule in *dictum* in *Henley* v. *Wilson*, 137 Cal. 276.

ID.—DISMISSAL OF ACTION AS TO HUSBAND—NECESSITY OF DISMISSAL AS TO WIFE—MANDAMUS.—Where such an action, originally brought against both spouses, is dismissed as to the husband for failure to serve him with summons within the time limited by law, it cannot be further prosecuted against the wife, and *mandamus* will lie to compel its dismissal as to her, as there is no other plain, speedy, and adequate remedy available.

APPLICATION for a Writ of Mandamus directed to Frank J. Murasky, Judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, and Nathan Moran, for Petitioners.

Lewis F. Byington, for Respondent.

MELVIN, J.—Petitioners applied for a writ of mandate requiring the respondent as judge of the superior court to dismiss a certain action as to Frances B. Horsburgh.  An alternative writ issued and the matter comes on regularly for decision and a determination whether or not the writ shall be made permanent.

The action in which petitioners were defendants was commenced on July 9, 1910, by Joseph B. Keenan and Carlotta Keenan, his wife, against a number of persons, including the Horsburghs.  The complaint averred that they were husband and wife.  The basis of the action was an alleged claim for damages for personal injuries sustained by Carlotta Keenan on July 12, 1909, by reason of the defective condition of a sidewalk in front of property, belonging to Frances Horsburgh in the city and county of San Francisco.  On July 1, 1913, summons and complaint were served on Mrs. Horsburgh, but her husband was not served until more than three years after the date of the issuance of the summons and upon motion the action was dismissed as to him.  On August 1, 1913, Mrs. Horsburgh moved for dismissal of the action on the ground that, as it had been dismissed so far as her hus-

band was concerned, it might not be prosecuted against her because, under the provisions of section 370 of the Code of Civil Procedure, he was a necessary party. In denying the motion the learned judge of the superior court said, among other things:

"The statement made in *McDonald* v. *Porsh*, 136 Cal. 301, [68 Pac. 817], that 'under the express provisions of the statute, the husband is a necessary party defendant in all cases where the wife is sued,' a reading of the statute will show is incorrect. Section 370 of the Code of Civil Procedure, by its terms creates exceptions to the general rule, and this action falls within the exception stated in subdivision 1 of the section. This section but states the doctrine as laid down in Pomeroy 'It is the settled rule in all the states which have adopted the reform procedure that in actions to recover damages for all torts, whether with or without violence, negligence, frauds, deceits, and other such wrongs done by the wife personally, *and not done merely by or by the use of* her separate property, the common law principle is unaltered and the husband and wife must be joined as codefendants.' (Pomeroy on Remedies and Remedial Rights, sec. 320.)"

It is the settled law of this state that unless modified by statute, the common-law doctrine that a husband must be joined as a party defendant in a suit growing out of a wife's tort, still prevails. (*Henley* v. *Wilson*, 137 Cal. 273, [92 Am. St. Rep. 160, 58 L. R. A. 941, 70 Pac. 21].) If the action may be maintained against the wife alone there must be, therefore, some statutory authority for such course. We do not find it in section 370 of the Code of Civil Procedure. That section, at the time the action against petitioner was instituted, provided that:

"When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone.

"2. When the action is between herself and her husband, she may sue or be sued alone.

"3. When she is living separate and apart from her husband by reason of his desertion of her, or by agreement, in writing, entered into between them, she may sue or be sued alone."

The recent amendment of this section (Stats. 1913, p. 217) did not alter the first subdivision in any respect which is at all material to this discussion.

Mrs. Horsburgh is admittedly living with her husband and they are not adverse parties in the suit in which the Keenans are plaintiffs. Therefore if any authority exists for maintaining an action against her it must be found in the first subdivision of the quoted section and it will be noticed that said subdivision, while it permits a married woman *to sue* alone in an action concerning her separate property, does not provide that she *may be sued* alone. The learned trial court was in error therefore in construing that subdivision as giving authority for maintaining a suit *against* a married woman without joining her husband as a party. The rule is correctly stated in *McDonald* v. *Porsh,* 136 Cal. 301, [68 Pac. 817], and in *Taylor* v. *Darling,* 19 Cal. App. 232, [125 Pac. 249], in which that case was followed. The quotation from Pomeroy's Remedies and Remedial Rights does state the general rule correctly, but the learned author also uses this language:

"If, however, the tort is not committed by the wife personally, but is done by means of her separate property, or in the use thereof, or under color or claim of ownership of her separate property, the action should be brought against her individually, without joining the husband as codefendant, in all those states whose statutes permit a married woman *to be sued* alone in respect of all matters which concern her separate estate." (See Pomeroy's Code Remedies, p. 314, section 222.)

In many of the states the wife may sue or *be sued* in actions relating to her separate property without the necessity of her husband being joined as a party to the action. This is the rule in New York, for example (*Rowe* v. *Smith,* 45 N. Y. 233), but Professor Pomeroy points out the fact that in California, Idaho, and Washington, the law provides that she may *sue* alone in actions concerning her separate property. (Pomeroy's Code Remedies, 4th ed., sec. 152, note.) In the brief filed on behalf of respondent the following language from *Henley* v. *Wilson,* is quoted as sustaining the ruling of the lower court.

"Furthermore, by the express provision of the statute, the wife cannot be sued without her husband for a tort which does not concern her separate estate. She can sue or be sued alone only when,—1. The action concerns her separate prop-

erty or her claim to the homestead; 2. When the action is between herself and husband; 3. When she is living in separation by his desertion, or under an agreement in writing. (Code Civ. Proc., sec. 370.)''

The sole question in that case was whether or not the husband was liable in damages for the tort of his wife in committing an assault upon the person of another. It was held that he was liable. There was no question with reference to the kind of tort which we are here considering and the quoted language was a *dictum.* Doubtless the quoted interpretation of subdivision 1 of section 370 of the Code of Civil Procedure, was due to an inadvertence. We are of the opinion therefore that under our code provisions the husband is a necessary party defendant in an action for tort arising from the condition of the wife's separate property.

*Mandamus* is the proper remedy. As we said in *Puterbaugh* v. *Wadham,* 162 Cal. 613, [123 Pac. 805]: ·

''It is undoubtedly true that the writ of *mandamus* is not a writ of error and that, generally speaking, it is not available for the purpose of altering or varying in any particular the finding of a judicial or *quasi* judicial body or officer acting within its or his appropriate jurisdiction; but where the facts are not disputed and the only matter to be determined is the duty of the body or officer under the law, the court will define such duty and enforce not only its performance but the carrying out of the obligations of the respondent body or officer in a particular manner.''

There is no plain, speedy, and adequate remedy available to petitioners for the court's failure to grant their motion to dismiss the action for damages so far as it related to Mrs. Horsburgh. Appeal is no such remedy for there is no assurance that the cause will be promptly brought to trial and Mrs. Horsburgh may be subjected for years to the inconvenience of having a suit for damages pending against her. Neither should she be put to the expense of defending in the action to which she remains a party through the trial court's error in denying her motion. Mandate will issue to compel the superior court to reinstate an appeal erroneously dismissed (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, [114 Pac. 978]), or to grant a motion to dismiss an indictment upon which the court should have acted in accordance with petitioner's prayer. (*In re Ford,* 160 Cal. 348, [Ann.

Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 115 Pac. 757].)
It follows, from the foregoing discussion that petitioners in
this proceeding are entitled to the relief for which they ask.

Let the alternative writ be made final and the judge of the
superior court be required to dismiss the action as to Frances
B. Horsburgh according to the direction contained in said
writ.

Sloss, J., Lorigan, J., Henshaw, J., and Angellotti, C. J.,
concurred.

Rehearing denied.