[Civ. No. 2165. Second Appellate District.—December 27, 1916.]

MARGARET E. McCLAY et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

ACTION AGAINST MARRIED WOMAN—PARTIES—JOINDER OF HUSBAND.— In an action against a wife to recover on her express contract, it is error to enter judgment against her if she is living with her husband, without making the husband a party defendant and causing service to be made upon him.

ID.—JUDGMENT AGAINST WIFE—JURISDICTION.—Where judgment in such action is rendered by a justice's court and an appeal taken to the superior court, and the latter court causes the husband to be served, such procedure, even if without the appellate jurisdiction of the superior court, does not render the judgment against the wife void for want of jurisdiction.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Hyman Schwartz, for Petitioners.

Schauer & Schauer, and B. Rey Schauer, for Respondents.

CONREY, P. J.—A writ of review was issued herein for the purpose of inquiring into the validity of a judgment rendered by the superior court against the petitioner, Margaret E. McClay. The action was commenced in a justice's court to recover against Mrs. McClay and one Lloyd as sureties upon an undertaking executed by them. One C. E. McClay, husband of Margaret E. McClay, was named as a defendant in the amended complaint filed in the justice's court, but the summons was not served upon him. Judgment having been rendered in favor of Mrs. McClay, the plaintiff appealed to the superior court. In both courts Mrs. McClay insisted that the action could not proceed against her until her husband was brought before the court by sufficient process. The superior court allowed an amendment to the complaint and caused an *alias* summons to issue, which summons, with a copy of the complaint as amended, was served upon C. E. McClay. The latter made a special appearance and moved to quash the service of summons and the summons on the ground that the superior court had no jurisdiction over him. That motion was denied and thereafter judgment was entered, as above stated, against Mrs. McClay.

The action being against the wife of C. E. McClay to recover on her express contract, the judgment against her is a judgment enforceable only against the separate property of the wife. (*Terry* v. *Superior Court,* 110 Cal. 85, [42 Pac. 464].) The husband is not in his own right interested in the action. The judgment is not against him and affects no property right belonging to him.

Doubtless it is erroneous to enter judgment against a wife who is living with her husband, without making the husband a party defendant and causing service of summons to be made upon him. (*McDonald* v. *Porsh,* 136 Cal. 301, [68 Pac. 817]; *Horsburgh* v. *Murasky,* 169 Cal. 500, [147 Pac. 147].) Assuming for the purposes of this case that the appellate jurisdiction of the superior court was not sufficient to authorize it to cause service of summons to be made upon C. E. McClay, who was not before the court from which the appeal was taken, it does not follow that on account of that error the judgment against the defendant Margaret E. McClay is void. For the court had jurisdiction of the subject matter of the action, and it had acquired personal jurisdiction over Mrs. McClay, against whom judgment was rendered. (See *Emery*

v. *Kipp,* 154 Cal. 83, [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 983, 97 Pac. 17] ; *Bogart* v. *Woodruff,* 96 Cal. 609, [31 Pac. 618].) Where the husband and wife are sued together, "the wife may defend for her own right," although the husband may defend for her. (Code Civ. Proc., sec. 371.) The process by which jurisdiction of the person is acquired is separate and independent as to each defendant, even though the defendants be husband and wife. Where the plaintiff has failed to have summons served upon the husband, the wife is entitled to have the prosecution of the action abate until the husband has been brought in; and if the proceeding as against him be too long neglected she may have the action dismissed, as was done in *Horsburgh* v. *Murasky,* 169 Cal. 500, [147 Pac. 147]. But if judgment be entered against her alone, notwithstanding her objection thereto, the error is reviewable only by appeal, and not at all where no further appeal is permitted by law. As the court did not act in excess of its jurisdiction, its judgment will not be annulled in a proceeding by writ of review. (Code Civ. Proc., sec. 1068.)

The judgment is affirmed.

James, J., and Shaw, J., concurred.