**SMITH ENGINEERING CO. (PENNSYLVANIA) et al. v. PRAY, District Judge, et al.**

**No. 6821.**

Circuit Court of Appeals, Ninth Circuit.

May 31, 1932.

Wood & Cooke and Sterling M. Wood, all of Billings, Mont., for petitioners.

Gunn, Rasch, Hall & Gunn, of Helena, Mont., for respondents.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

The petitioners seek a writ of mandamus directed to the respondent to compel the trial, as at common law before a jury, of the legal issues in certain consolidated cases growing out of a building contract, claiming that the order of the respondent for the trial of these consolidated cases and reference of such cases to a master to take evidence upon all the issues therein in effect deprives petitioners of their constitutional right to a trial by jury.

The situation arises from the contract entered into by the Smith Engineering Company, as contractor, and the Laurel Oil & Refining Company, as owner, for the erection of an oil refinery and other structures. We will hereinafter refer to the Smith Engineering Company as "the contractor," the American Surety Company of New York which gave a bond for the faithful performance of the contract as "the surety company," or to both as "petitioners," and to the Laurel Oil & Refining Company as "the owner."

The contractor, claiming that it had partly performed the contract and had been prevented by the owner from fully completing it, brought an action for the foreclosure of mechanic's lien for the reasonable value of the work and materials furnished for the erection of an oil refining plant for the own-

er, less the compensation he had already received therefor, amounting to $442,000, the balance claimed being $93,146.21. The owner answered, denying that the contractor performed its contract, denying that it (the owner) prevented the performance thereof in any particular, and alleging that the contractor abandoned the contract, and, by reason of such abandonment and the fact that the refining plant as erected did not comply with specifications, claimed that it had been damaged thereby in the sum of $500,000. The owner did not ask for affirmative relief by reason of the alleged breach of contract by the contractor, but instead brought a separate action for damages in the sum of $791,-451.84 for the aforesaid breach, joining the surety company as a defendant and praying for judgment against it for the amount of the penalty of the bond, to wit, $482,545. The contractor and surety company joined issue, denying the breach of the contract on their part, and by way of affirmative defense set up the pendency of the action for the foreclosure of mechanic's lien, and prayed that the prosecution of the action at law be suspended pending the determination of the equitable defenses interposed. The surety company, also by way of affirmative defense, sought the reformation of the bond in conformity with the alleged intent of the parties.

Thereupon the court, upon motion of the owner, transferred the action for damages to the equity side of the court, consolidated the two actions, and referred the consolidated cases to the special master in chancery to take evidence upon all the issues therein and to report his findings and conclusions separately in each case. Petitioners claim that the effect of this order is to deprive the contractor and surety company of their right to a jury trial upon the legal issues in the action brought by the owner for damages for breach of the contract and to require the presentation of this evidence to the master in chancery; that an appeal would be an inadequate remedy for such a denial of their rights, and upon the authority of In re Simons, 247 U. S. 231, 38 S. Ct. 497, 62 L. Ed. 1094, seek a writ of mandamus to compel respondent to proceed with a trial of the legal issues as at common law after the trial of the equitable issues in the consolidated cases.

■ The respondent, however, contends that, although the action for damages for breach of the contract is an action at law, nevertheless, having been consolidated with the equitable action, the chancellor having jurisdiction thereof will proceed to adjudicate the legal as well as the equitable issues under the well-established rule that, where a court of equity has jurisdiction, it will proceed to a settlement of the entire controversy, notwithstanding some of the elements thereof considered alone are strictly legal. A good illustration of the application of this rule is found in a decision of this court in The Salton Sea Cases, 172 F. 792, wherein the trial judge was sustained in assessing damages for prior trespass in an action to enjoin the continuing trespass complained of. See, also, McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955; Liberty Oil Co. v. Condon Nat. Bank (C. C. A.) 271 F. 928; Hutchings v. Caledonian Ins. Co. (C. C. A.) 35 F.(2d) 309. The matter resolves itself into this question: Will a court of equity in a suit to foreclose a mechanic's lien, asserted upon the ground that the contractor has completed the contract as far as possible for him to do so, and has been prevented from entire completion by the owner, not only entertain the defense of a breach of the contract by the contractor, but also entertain a cross-complaint seeking damages for the breach of the contract by the contractor? In Lautz et al. v. Gordon, 28 F. 264, 265, Judge Wallace of the Circuit Court of the Northern District of New York, in dealing with a cross-bill for damages, while holding that in the case there involved the cross-bill for damages could not properly be entertained by a court of equity, said: "If the cross-bill were one to recover damages for the breach of those same covenants, there would be no fair room to doubt that the defendants, by a demurrer, could not challenge its sufficiency for want of equity."

■ Here we have that exact situation. The contractor seeks to recover upon the theory that it has complied with certain covenants and the owner seeks to recover for the breach of those very covenants. In Royal Union Mut. Life Ins. Co. v. Wynn, 177 F. 289, the Circuit Court held that a court of equity was entitled to consider a cross-bill to recover upon a policy of life insurance where the insurance company, by bill in equity, sought to cancel the policy for misrepresentation and by supplemental bill to enjoin the beneficiary from bringing an action on the policy until the equitable action was determined. The court of equity, having decided adversely to the contention of the insurance company, proceeded to render judgment upon the policy. The authorities are reviewed in that case. Among others, Weathersbee v. American Freehold Land Mtg. Co. (C. C.) 77 F. 523; Springfield Milling Co. v. Barnard & Leas Mfg. Co., 81 F. 261 (C. C. A.); South & N.

928

A. R. Co., 95 U. S. 221, 24 L. Ed. 355. It appears from these cases that a cross-bill may be interposed, not only as a defense to the action, but as a proceeding to obtain the complete determination of a matter already in litigation in the court. To this effect the opinions cite 2 Daniels Chancery Practice (Perkins 3d American Ed.) pp. 1650, 1653.

It will be observed that in the cases consolidated the contractor had brought suit in a court of equity to enforce a mechanic's lien based upon its contention that it had partly performed the contract which resulted in an obligation at law on the part of the owner to pay therefor. Equitable jurisdiction arises from the lien incidental to such claim. The owner sued for damages on the contract whereupon petitioners invoked the equitable jurisdiction by an answer in the legal action seeking to enjoin the further prosecution of the legal action until the termination of the equitable action. Up to this point the situation is analogous to that involved in the Royal Union Mut. Life Ins. Co. v. Wynn, supra, affirmed (C. C. A.) 185 F. 1007. The surety company, however, went a step further in invoking equitable jurisdiction, and demanded reformation of its bond. Petitioners, having thrice invoked the equitable powers of the court, now seek to avoid a complete determination of the matter in controversy by claiming a right to a trial by jury upon the question of damages claimed by the owner for breach of the contract which they are trying to enforce in equity. This court undoubtedly has power to issue a writ of mandamus to compel the segregation of the issues where the right to such segregation is clear and the remedy by appeal would not be entirely adequate. In re Simons, supra; Henderson Tire & Rubber v. Reeves (C. C. A.) 14 F.(2d) 903; Ex parte Edelstein (C. C. A.) 30 F.(2d) 636; In re State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057. We think it is clear upon the principle in the cases above cited that a court of equity would be authorized and required in the consolidated actions to determine the damages suffered by the owner if it should decide that the contract has been breached by the contractor. If this is not true, we are faced with an anomalous situation. The chancellor must decide whether or not the contractor has complied with the contract in order to determine whether or not it is entitled to foreclose the lien. If the court should decide that the contractor by reason of having breached the contract is not entitled to a lien, petitioners contend it must transfer the case to the law side of the court for trial of the legal issues before a jury. One of the legal issues is whether or not the contract has been breached, and, if this is submitted to a jury on the law side of the court, the jury might decide exactly opposite to the decision of the chancellor, and for that reason decide that no damages could be recovered. If we should split the legal issues and allow the decision of the chancellor to stand upon the question of the breach of the contract, we would necessarily partly determine the issues triable in the action at law. Certainly the situation is one that calls for the application of the rule that a court of equity, having once taken charge of the controversy, will proceed to fully determine that controversy.

Petition dismissed.