## WEBER et al. v. WITTMER CO. et al.
### No. 1991.

District Court, W. D. New York.
July 31, 1936.

Andrews, Andrews & McBride, of Syracuse, N. Y., for plaintiffs.

Floyd W. Annabel, of Bath, N. Y., for defendants.

KNIGHT, District Judge.

Plaintiffs sue to have adjudged fraudulent and void a lease to certain premises to the Wittmer Oil & Gas Properties and assigned to the Wittmer Company; that such lease and assignment be rescinded, vacated, and canceled; that the

736

plaintiffs are the owners of the oil, gas, and mineral rights of the property described in the complaint; and that the defendants be required to account for and pay to the plaintiffs the value of gas or minerals removed from such property. The defendants have answered admitting the execution and assignment of the lease and denying all allegations of fraud.

Plaintiffs now move for an order that certain issues be submitted to a jury. Defendants object on the ground that this is an equitable action, and that all the issues should be tried on the equity side of this court. With the position of the defendants this court agrees.

This is clearly a suit in equity. It is based upon allegations of fraud in procuring the execution of a written instrument. In plaintiffs' brief appears this statement: "In the case at bar, probably the sharpest conflict of evidence will be with reference to whether or not John Reichle made the misrepresentations which the plaintiffs allege." What representations were made are the basis of the alleged fraud and determination thereon is triable on the equity side of this court.

It is not claimed by the plaintiffs that this is not a proper suit for cognizance in equity. Indeed, in the brief we find this expression: "The plaintiffs have started this action in equity for rescission of the lease on the ground of fraud and misrepresentation. * * *" However, they ask to have framed as issues for trial by jury substantially all, if not all, of the material allegations of the complaint.

Equity Rule 23, 28 U.S.C.A. following section 723 reads: "If in a suit in equity a matter ordinarily determinable at law arises, such matters shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court." The rule is well stated that: "The chancellor having jurisdiction thereof will proceed to adjudicate the legal as well as the equitable issues under the well-established rule that, where a court of equity has jurisdiction, it will proceed to a settlement of the entire controversy, notwithstanding some of the elements thereof considered alone are strictly legal." Smith Engineering Co. v. Pray (C.C.A.) 58 F.(2d) 926, 927; Id. (C.C.A.) 61 F.(2d) 687; Id., 289 U.S. 733, 53 S.Ct. 594, 77 L.Ed. 1482. Again, it is said in Hughes Federal Practice, Vol. 7, Chap. 85, § 4443: "A suit in equity is not to be tried by piecemeal, but is to be proceeded with on the side in which the suit should be brought. * * * If, in the course of a suit begun in equity, matters should arise which ordinarily would have to be determined at law, such matters should be determined without sending the case to the law side."

The questions proposed to be considered by the jury largely relate to the matter of representations made at the time the lease was procured. Clearly, such matters come in the equity jurisdiction of the court. Heretofore in this proceeding an order was made granting leave to the plaintiffs to file interrogatories and for the inspection and production of certain documents. Some of the questions in these interrogatories are among the proposals for consideration by the jury, and it is fair to assume that the answers to many of these will obviate any issue over them. In any event, as hereinbefore expressed, such proposed questions are properly determinable by this court in equity.

The motion is denied.