### WHITTEL v. ROCHE, Judge, et al.
### No. 8360.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1937.

Vincent W. Hallinan, Jos. I. McMullen, and Carey Van Fleet, all of San Francisco, Cal., for petitioner.

George J. Hatfield and Frank J. Perry, both of San Francisco, Cal., for respondents.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner brought a suit in the Superior Court of the State of California in and for the City and County of San Francisco to have a trust declared as to 100 shares of stock in certain corporations hereinafter

mentioned standing in the name of defendants, and for an accounting as to the dividends thereon, claiming that the stock had been conveyed to the defendant George Whittel, Jr., in trust to deliver one-half thereof to the petitioner upon the death of the mother of George Whittel, Jr.

The case was transferred to the District Court of the United States for the Northern District of California. After transfer the petitioner amended his complaint and the defendant George Whittel, Jr., and George Whittel & Company, Inc., a corporation, answered the amended complaint, admitting that the 100 shares of stock had been transferred to George Whittel, Jr., as alleged in the complaint, but denied that the stock was transferred in trust. The answer admitted that George Whittel, Jr., is the owner of 50 shares of capital stock of the Whittel Realty Company, a corporation, and is the owner of all the issued outstanding capital stock of the defendant George Whittel & Co. The answer denies "that said property or any part thereof or any other property was conveyed in trust by Anna Louise Whittel to the said George Whittel, Jr." Defendants prayed that plaintiff take nothing by his complaint and for costs and that the "defendants have and recover such other and further relief as may be meet and proper."

On April 20, 1936, petitioner filed with the clerk of the District Court an order to dismiss the action. The dismissal was not entered by the clerk.

Respondents contend that the order for dismissal filed by petitioner with the clerk was insufficient to effect a dismissal because in an equity case such dismissal must be ordered by the court; that it cannot properly be entered by the clerk without such order. Before the petitioner filed his order for dismissal the defendants, on April 16, 1936, had given notice of motion to be heard April 20, 1936, for leave to amend their answer and to file a cross-complaint. The hearing of this motion was continued to April 27, 1936. In the meantime (on April 23, 1936) the defendants gave notice that on April 27, 1936, they would move the court for an order striking from the files petitioner's order for a dismissal. On April 27, 1936, these motions were all continued to April 28, 1936, when they were heard and taken under advisement. On April 30th the court granted the defendants' motions, whereupon the amended answer and cross-complaint were filed. Thereafter, on July 11, 1936, petitioner filed a written motion to dismiss. This motion was based upon petitioner's order of dismissal filed April 20, 1936. It was heard July 20, 1936, and denied August 4, 1936.

Inasmuch as the petitioner had an absolute right to dismiss the action at any time before the filing of a pleading on behalf of defendant for affirmative relief, the respondents should have made the order of dismissal at the time their attention was first called to the fact that the petitioner desired to dismiss the action. Consequently, instead of striking out the petitioner's order for dismissal and granting the defendants leave to amend, the trial court should have dismissed the action. Inasmuch as the right to dismissal of the action accrued before the filing of the affirmative defense and cross-complaint on the part of the defendants, subsequent filing of this pleading does not affect his right. See, Youtsey v. Hoffman (C.C.) 108 F. 699; Cowham v. McNider (D.C.) 261 F. 714; Sgobel & Day v. Craven (C.C. A.) 15 F.(2d) 364.

The defendants, in the amended answer to the amended complaint, prayed that it be declared and adjudged that George Whittel, Jr., defendant, is the owner, entitled to the possession of all said property and plaintiff has no right, estate, title, or interest therein, and in the cross-complaint defendant George Whittel, Jr., alleged ownership of the property in question and of the dividends arising therefrom, and that an adverse claim was made thereto by the plaintiff, and prayed that his title to said property be quieted.

Petitioner asserts that he has an unqualified right to dismiss the action at any time before the defendants sought affirmative relief and that this right may be enforced by this court by writ of mandamus.

The respondents concede the right to dismiss the action at any time before affirmative relief was sought by the defendants. This concession is in accord with the decision of the Supreme Court in Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. This is the rule in California. Also, Kaufman v. Superior Court, 115 Cal. 152, 46 P. 904; section 581, Cal.Code of Civil Procedure, as amended by St.1935, p. 1954. See, also, Ex parte Skinner & Eddy Corp., 265 U.S. 86, 93, 44 S.Ct. 446, 68 L.Ed. 912. Re-

spondents, however, contend that by the answer on file at the time the plaintiff-petitioner gave his order for dismissal the defendants did seek affirmative relief. It is argued that a suit to quiet title to personal property may be maintained in the courts of California under the provisions of section 438, Cal.C.C.P., and that a similar right is recognized in the federal courts and that the answer of the defendants contained sufficient material to constitute an affirmative defense to quiet title to the stock in controversy, legal title to which petitioner concedes is in defendant, George Whittel, Jr., but which petitioner claims is held subject to a trust in his behalf. In their contention that the answer demanded affirmative relief respondents rely upon the prayer of the answer for general relief and cite the case of Automotive Products v. Wolverine Bumper & Specialty Co. (C.C.A.) 15 F.(2d) 745, a patent infringement case, in which it was held that such a prayer was sufficient to affirmatively invoke the jurisdiction of the court on behalf of the defendant where, under the present system, affirmative matter formerly required to be set up by a cross-complaint or counterclaim may be set up by answer. Equity Rule 30 (28 U.S.C.A. following section 723). We may concede that if the allegations of the answer had been those appropriate to a suit to quiet title, the prayer for general relief would be sufficient to invoke the affirmative action of the court on behalf of the defendants, but a careful perusal of the answer shows that the pleading is directed toward a denial of the allegations of the complaint in so far as those allegations charged the defendant with being a trustee. The allegation that the property was owned by the defendant was not directed to procuring an affirmative declaration to that effect by the court, but to a defense against the claim that the title was held by the defendant George Whittel, Jr., in trust for the plaintiff. It is nowhere alleged that plaintiff was claiming title to the property adversely to the defendants and that this title was without merit. Under these conditions the prayer for general relief can hardly be deemed to be an affirmative prayer for judgment that title of the defendant be quieted. It must be assumed that the pleader was aware of the right to bring an action to quiet title and the right to invoke such a decree of the court by appropriate pleading and prayer and by so doing to defeat an attempt to dismiss the action. The claim that this pleading contained an affirmative defense in the nature of an action to quiet title is obviously an afterthought not in the mind of the pleader at the time the pleading was framed. It ought not to be strained to include a cause of action not contemplated at the time the pleading was filed. The request of the defendants to amend their answer and file a cross-complaint is a confession of the weakness of their position, for the purpose of the request, as evidenced by the pleadings subsequently filed, was to incorporate the very allegations appropriate to a quiet title action which were omitted in the original answer. It is clear, then, that the cause should have been dismissed upon the application of the petitioner.

It appears from the statements of counsel in their briefs and on the oral argument that the petitioner had brought an action for conversion of the same property which he claims in this action. In that regard the petitioner states: "Plaintiff's counsel in this case realizing that they were pursuing a remedy not entirely adequate to the situation, and finding that they had a complete remedy at law, chose to pursue that remedy, which under normal circumstances they are bound to pursue, and filed a suit for conversion in the State Court, in and for the City and County of San Francisco, numbered there 264,-451, and which upon removal to the Federal Court is numbered there 20,068-S."

In that regard the respondents state:

"On February 29, 1936, the plaintiff filed in the State Court a second suit against the defendants for conversion of the property referred to and described in the complaint in the first suit. The purpose of the plaintiff in filing the dismissal in the first suit was not with the idea of ending litigation but solely for the purpose of having the same matter tried in the state court.

"This, the plaintiff cannot do."

Respondents claim that under said circumstances where the dismissal was sought for the purpose of bringing a new suit the court will refuse to dismiss the case, citing Young v. Southern Pacific Co. (C.C.A.) 25 F.(2d) 630. That case involved a number of successive suits obviously for the purpose of harassment and have no application to a situation where the plaintiff evidently feels that he has misconceived his right or desires to mend his hold. In this case plaintiff's action was predicated upon a breach

of trust. The new action—conversion— sounds in tort and plaintiff may have doubted the propriety of amending his complaint to recover upon the new theory. He sought to dismiss the case, as he had a right to do, and there is nothing in his conduct which would make it appropriate to apply the rule announced by the Circuit Court of Appeals for the Second Circuit with reference to dismissals (Young v. Southern Pacific Co., supra) where the obvious purpose of the plaintiff was to harass the defendant by a number of suits upon the same cause of action. In Jones v. Securities Comm., supra, the Supreme Court held that the fact that the purpose of the dismissal was to file a new suit was no objection to the dismissal, expressly approving the rule as stated by Chief Justice Taft, then Circuit Judge, in City of Detroit v. Detroit City Ry. Co. (C.C.) 55 F. 569.

█ Respondents challenge the power of this court to grant the writ applied for upon the ground that this court is only authorized to issue writs of mandate where "necessary for the exercise of their respective jurisdictions." 28 U.S.C.A. § 377.

This power has been construed to authorize the use of the writ of mandate to compel the entry of orders or decrees in the lower court from which an appeal might be taken where in the absence of the entry of such order there would be no right of appeal. Schendel v. McGee (C.C.A.) 300 F. 273; In re Watts (C.C.A.) 214 F. 80. The Supreme Court has issued a writ of mandamus to compel the entry of a dismissal of a case made upon the order of the plaintiff where the dismissal had been set aside by the Court of Claims. In that decision (In re Skinner & Eddy Corporation, 265 U.S. 86, 44 S. Ct. 446, 448, 68 L.Ed. 912) the court stated the basis of its decision as follows: "It only remains to inquire whether this is a proper case for the writ asked. Mandamus is an extraordinary remedial process, which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. Although classed as a legal remedy, in issuing it a court must be largely controlled by equitable principles. Duncan Townsite Co. v. Lane, 245 U.S. 308, 312, 38 S.Ct. 99, 62 L.Ed. 309; Arant v. Lane, 249 U.S. 367, 371, 39 S.Ct. 293, 63 L.Ed. 650. It would be a useless waste of time and effort to enforce a trial in the Court of Claims if we were, upon appeal, to find that the

petitioner was unjustly deprived of his substantial right to dismiss his petition, as we should have to do for the reasons stated. Added to this is the consideration which has been regarded as furnishing a substantial ground for the extraordinary process of the writ that the petitioner by a denial of his right to dismiss in the Court of Claims will be deprived of a right of trial by jury in the State Court of Washington. In re Peterson, 253 U.S. 300, 305, 40 S.Ct. 543, 64 L.Ed. 919; Ex parte Simons, 247 U.S. 231, 239, 38 S.Ct. 497, 62 L.Ed. 1094."

It is clear in that case, as it is in this, that if the case had gone to trial upon the pleadings and a judgment rendered the action of the court in reinstating the case could be reviewed on the appeal.

It was held in Ex parte Simons, 247 U. S. 231, 38 S.Ct. 497, 498, 62 L.Ed. 1094, cited by the Supreme Court in its opinion in Re Skinner & Eddy Corporation, supra, that mandamus was a proper remedy to compel the trial judge to grant a trial by jury upon account of the complaint which had been ordered segregated and transferred to the equity side of the court. In directing the issuance of the writ the court declared: "If we are right, the order was wrong and deprived the plaintiff of her right to a trial by jury. It is an order that should be dealt with now, before the plaintiff is put to the difficulties and the courts to the inconvenience that would be raised by a severance that ultimately must be held to have been required under a mistake. It does not matter very much in what form an extraordinary remedy is afforded in this case. But as the order may be regarded as having repudiated jurisdiction of the first count, mandamus may be adopted to require the District Court to proceed and to give the plaintiff her right to a trial at common law."

These decisions would justify the exercise of jurisdiction by the issuance of a writ of mandate to compel the trial judge to dismiss the case upon the petitioner's orders, if we have the same authority to issue writs of mandamus that are granted to the Supreme Court. The power of the Supreme Court to issue writs of mandamus is contained in the same section and in the same language as that which authorizes this court to issue such writs (28 U.S.C.A. § 377, R.S. § 716, Jud.Code, § 262). In addition to this power (28 U.S.C.A. § 377) to issue all writs not specifically provided

for by statute which may be "necessary for the exercise of their respective jurisdictions" agreeably to the usages and principles of law, the Supreme Court is given power to issue writs of mandamus "in cases warranted by the principles and usages of law" by Judicial Code, § 234, 28 U.S.C.A. § 342. In the decision in Re Skinner & Eddy Corp., supra, the Supreme Court did not state upon which of these two sections it based its power to issue the writ of mandamus. Consequently, that case is not direct authority upon the question of the power of this court to issue similar writs.

It is clear from other decisions with relation to the power of the Circuit Court of Appeals to issue writs of mandamus, that the writ may be issued although no appeal has been taken to require such action by the trial court as may be necessary so that the matter in question may be ultimately reviewed by appeal by the Circuit Court of Appeals. Barber Asphalt Pav. Co. v. Morris (C.C.A.) 132 F. 945, 67 L.R.A. 761; Pacific Tel. & Tel. Co. v. Cushman (C.C.A.) 292 F. 930; Petition of Zeno (C.C.A.) 14 F.(2d) 418; Bedgisoff v. Cushman (C.C.A.) 12 F.(2d) 667. Where the trial court had dismissed a case pending before it as to some but not all the defendants, and where it was assumed by the parties and by the Court of Appeals that the plaintiff could not appeal from this order, it was held that the question could be appropriately considered as a basis for a writ of mandamus if the order were erroneous. Ex parte Edelstein (C.C.A.) 30 F.(2d) 636, 637. Judge Learned Hand, speaking for the court, said: " * * * although our own power must rest upon section 377 [28 U.S.C.A. § 377], we do not doubt that, if our appellate jurisdiction be involved, that section covers instances in which the Supreme Court would protect its own jurisdiction under section 342 [28 U.S.C.A. § 342]."

Judge Alschuler, speaking for the Circuit Court of Appeals for the Seventh Circuit, in Re Babcock, 26 F.(2d) 153, 155, stated the jurisdictional rule to be applied to the power of the Circuit Court of Appeals to issue writs of mandamus, as follows: "The tendency seems to be to construe broadly the court's jurisdiction, rather than to narrow it. Surely the suits out of which the petition here arose are within the appellate jurisdiction of this court, and the subject-matters touching which the petition is presented may at some stage of the case likewise be within this court's appellate jurisdiction. Thus broadly construed, and in the light of the Supreme Court cases cited, we are of the view that the petition appears to be sufficiently connected with this court's appellate jurisdiction to justify our entertaining it. But, having the power to afford relief by mandamus, is a state of facts disclosed whereunder the power should be exercised, and, if so, to what extent?"

In Minnesota & Ontario Paper Co. v. Molyneaux (C.C.A.) 70 F.(2d) 545, 546, Judge Stone, speaking for the court, stated the rule with reference to the power of the Court of Appeals to issue writs of mandamus as follows: "Where such appellate jurisdiction exists, the necessary original writs may be entertained for any purpose necessary to protect the full exercise of that jurisdiction." He states as an instance in which the Court of Appeals exercises such jurisdiction a case where circumstances imperatively demand a departure from the ordinary remedy by appeal, citing as authority Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963. The question involved in that case (Minnesota & Ontario Paper Co. v. Molyneaux, supra) was whether or not a writ of mandate should be issued against Judge Molyneaux requiring him to disqualify himself in the proceeding then pending before him. The court, although declaring its jurisdiction to maintain such an application, held that in view of the right of appeal from any judgment which might be rendered by the judge there was no showing of such rare and exceptional circumstances as would justify the issuance of the writ.

The Circuit Court of Appeals for the Third Circuit in Dooley Improvements, Inc. v. Nields, 72 F.(2d) 638, declined to issue a writ of mandamus to compel the trial judge to dismiss an action upon plaintiff's motion. The court denied the application for the writ of mandamus apparently upon the theory that it had no power to issue such a writ under the circumstances, but that the plaintiff who sought to dismiss the action must be relegated to his remedy by appeal from any judgment that might thereafter be rendered against him. In reaching this conclusion the Circuit Court of Appeals distinguished its decision from those of the Supreme Court in Re Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912, and Los Angeles Brush Mfg. Co. v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481, on the ground that the Su-

preme Court had broader powers in mandamus granted by section 234 of the Judicial Code [28 U.S.C.A. § 342] than could be exercised by it or by the Circuit Court of Appeals under 28 U.S.C.A. § 377, J.C. 262. In Smith Engineering Co. (Penn. v. Pray), 58 F.(2d) 926, 928, this court indicated that it was inclined to take the broader view of the power of this court on mandamus although the statement of the court which follows was not essential to the decision which dismissed the application for the writ. The court said: "This court undoubtedly has power to issue a writ of mandamus to compel the segregation of the issues [in the trial court] where the right to such segregation is clear and the remedy by appeal would not be entirely adequate."

The preponderance of the recent decisions of the courts to which we have referred indicate that the word "necessary" contained in 28 U.S.C.A. § 377 should not be given a narrow interpretation. Although there was at one time a tendency to construe the word narrowly the more recent decisions of the Supreme Court taking a liberal view of its own jurisdiction upon mandamus have resulted in a more liberal view by the Circuit Courts of Appeals concerning their own power. The question is whether or not there are such special circumstances as would authorize or require this court to exercise by mandamus its supervisory power over the trial court. It is clear that the trial may be long and expensive and that any judgment procured in favor of the defendant must be reversed. Under these circumstances it has been held by the Supreme Court of California (Horsburgh v. Murasky, 169 Cal. 500, 147 P. 147; Anderson v. Superior Court, 187 Cal. 95, 200 P. 963), and numerous other courts, that the remedy by appeal is not plain, speedy or adequate, and for that reason writs of mandamus have been issued under such circumstances, but the question in such cases is not whether the power existed to issue the writ, for such power has been granted by constitutional and statutory authority, but whether there was another plain, speedy and adequate remedy. The question before us is whether the power to issue the writ exists and that to say the least depends upon the existence of special circumstances other than the mere expense of trial.

It will be observed that the Supreme Court has exercised its authority by writ of mandamus in cases where the right to a trial by jury is involved and the effect of the denial of the application would be to permit the trial court to deny the right to a trial by jury. It appears from the statements of counsel, although it is not affirmatively alleged in the petition, that a law action is now pending in the District Court of the United States in which the petitioner will be entitled to a jury trial and that if he is compelled to proceed with the present action he will be denied that right. It is undoubtedly true that under the early decisions with reference to the right of the Circuit Court of Appeals to control the action of the District Court by mandamus such a writ would not issue, but later decisions of the Circuit Court of Appeals above referred to and those by the Supreme Court indicate that the writ is not necessarily confined to controlling the action of the lower court so that the question involved shall ultimately reach the Circuit Court of Appeals on appeal, and then be determined, but may be issued where the purpose of the writ is to give effective control over matters pending in the District Court where the right of appeal may be entirely ineffective to correct the erroneous ruling of the trial court. The pendency of another action at law in which the petitioner is entitled to a jury trial and which involves the same property is such an exceptional circumstance as justifies the issuance of the writ of mandate.

We will assume that the trial court will direct a dismissal of the action without the necessity of the issuance of the writ.

HANEY, Circuit Judge (concurring).

A plaintiff has an absolute right to dismiss his bill in equity at any time before hearing, unless (1) defendants have sought affirmative relief against him, and (2) defendants would be prejudiced in some manner other than being forced to bring a separate action or bill. Ex parte Skinner & Eddy Corp., 265 U.S. 86, 93, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities & Exchange Commission, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015. Respondents herein have shown no such prejudice, so that if we assume that they have sought affirmative relief, petitioner still has an absolute right of dismissal.

The Supreme Court, under 28 U.S.C.A. § 377 has power to issue a writ of mandamus. Ex parte Skinner & Eddy Corp., supra. The statute is applicable to this

372

court. McClellan v. Carland, 217 U.S. 268, 279, 30 S.Ct. 501, 54 L.Ed. 762. Therefore this court has the power to issue the writ.